Jonathan Schwalb, Esq.
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
Attorneys for SN Servicing Corporation as Servicer for
U.S. Bank Trust National Association, as Trustee of the
Bungalow Series IV Trust
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
                                                                    :
                                                                    :   CASE NO.: 22-12982-CMG
    IN RE:                                                   :
                                                                    :   CHAPTER: 13
    Michael V Peluso, Jr.,                                   :
    Debtor                                                   :   HON. JUDGE.:
                                                                    :   Christine M. Gravelle
                                                                    :
                                                                    :   HEARING DATE:
                                                                    :   August 3, 2022 at 10:00 am
                                                                    :
                                                                    :
-------------------------------------------------------------------X

## NOTICE OF OBJECTION TO CONFIRMATION OF MODIFIED PLAN

    **PLEASE TAKE NOTICE** that SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust ("Secured Creditor"), the holder of a mortgage on real property of the Debtor located at 662 Foothill Road, Bridgewater, NJ 08807 by and through its undersigned attorneys, hereby objects to the confirmation of the Modified Chapter 13 Plan on grounds including:

1. Debtor's proposed modified plan fails to provide for the claim of Secured Creditor. The objecting creditor is due arrears of $796,677.85 as set forth in Claim 8-1 filed on June 10, 2022.

2. Debtor's proposed modified plan fails to correctly provide for the regular monthly mortgage payments owed to the Secured Creditor. The objecting creditor is due payments in the amount of $5,448.86 monthly.

3. Debtor's proposed modified plan as proposed appears to contemplate that there will be no cure for the prepetition arrears of Secured Creditor unless or until a loan modification is achieved or property is sold. The requirements of 11 U.S.C. 1322(d)(2) do not provide for payment over a period longer than 5 years. Moreover, the Debtor is obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C. 1322(b)(5). Accordingly, in the event that the ongoing loss mitigation efforts are not successful, the plan fails to satisfy the confirmation requirements of 11 U.S.C. 1325(a)(1). As Debtor's plan is dependent on the approval of a loan modification, confirmation must be denied.

4. Secured Creditor does not necessarily object to the Debtor's proposed sale of the property as the proposed modified plan indicates, rather Secured Creditor objects to confirmation unless a consent order is entered giving stay relief should the property not be sold within an appropriate time frame that the Secured Creditor agrees to. Furthermore, Debtor's proposed plan fails to provide any supporting information or documentation regarding the sale, retaining a broker, listing agreement, etc. If there is no equity in the property, Secured Creditor requests that regular, monthly mortgage payments be made pending the sale, and that Secured Creditor must be able to review all short sale offers. If there is in fact equity in the property, Secured Creditor objects to any order unless the loan is paid in full based off a payoff provided at closing.

5. Debtor's proposed modified plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith.

6. Debtor's proposed modified plan is not feasible.

7. Debtor's proposed modified plan fails to comply with other applicable provisions of Title 11.

In the event any portion of the claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C. 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

Dated: Garden City, NY
      July 20, 2022

By: /s/ Jonathan Schwalb
Jonathan Schwalb, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150